**BISSELL CARPET SWEEPER CO. v. COE,**
Commissioner of Patents.

## No. 6446.

United States Court of Appeals for the District of Columbia.

Argued Oct. 16, 1935.

Decided Jan. 27, 1936.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

Fred L. Chappell, of Kalamazoo, Mich., and William S. Hodges, of Washington, D. C., for appellant.

R. F. Whitehead, Sol., U. S. Patent Office, and T. A. Hostetler, both of Washington, D. C., for appellee.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District in a patent suit filed under section 4915, Rev.St., as amended (35 U.S.C. § 63, 35 U.S.C.A. § 63).

The alleged invention relates to carpet sweepers. Appellant, the Bissell Company, is an extensive manufacturer of such sweepers, and it is apparent from the record that the art was so well developed that there was little room for further improvement.

On March 25, 1927, the company, in the name of its assignor Pullen, filed application No. 178,283 relating to "improved carpet sweeper brush drive mechanism in which stub axles are used for the floor wheels and rods are avoided." This ap-

plication resulted in patent No. 1,800,958, dated April 14, 1931.

On March 31, 1928, the Bissell Company, in Pullen's name, filed application No. 266,268. The Patent Office ruled that the difference between the structure shown in the drawing of that application and that of the copending application No. 178,-283 (patent granted) is that in the former the wheels on each side are connected by axles, whereas in the patented structure the floor wheels are carried on stub axles.

On June 4, 1928, there was filed by the company, in Pullen's name, application No. 282,581. This application differed from application No. 266,268 in the substitution of a spring axle for the stiff axle and hub-acting spring of the earlier application.

On June 4, 1928, appellant, in Pullen's name, also filed application No. 282,-582, which the Patent Office ruled differed from application No. 266,268 "only in the substitution of a different means for operatively connecting the spring arms to the wheel hubs."

The Patent Office further ruled that the applications disclosed "only one specific novel structure, that is, the construction of the equalizer between the wheels of the carpet sweeper"; that it was old in such sweepers to employ an equalizer of the same general type as that disclosed by appellant, and as shown in the Drew patent, No. 391,129. "Apparently," said the Board of Appeals, "the patentable novelty in the equalizer over that shown in Drew above mentioned is in the slideways and slides opposite the ends of the brush roll." The Board directed attention to the fact that the claims in applicant's patent are restricted to the use of stub axles, and that claim 11 of application No. 266,268 "specifies wheels connected by axles." The Board suggested amending claim 11 by the omission of the connection between the wheels. The Board concluded: "It is our opinion, therefore, that there is only room for one patent and that the only proper way to obtain protection is by a reissue of patent 1,800,958. Certainly we do not consider that there is any patentable distinction between stub axles and axles extending entirely through the sweeper."

Following the rejection of claims of applications o. 266,268, No. 282,581, and

822

No. 282,582, the present suit was instituted. The court below, after hearing, ruled that a patent issue on application No. 266,268 containing claim 11 as modified by the Board of Appeals; that is, by the omission of the clause, "the wheels at each side being supported and connected by axles." The court further ruled that on application No. 282,581 there should issue a patent containing claims 2 and 3 of that application, which the court found "are for respectively different inventions from that covered in Letters Patent 1,800,958." Finally, the court ruled that as to all other claims involved in the suit (including those of application No. 282,582) the complaint should be dismissed. The Patent Office did not appeal.

In our view the court properly rejected the claims (2 and 3) of application No. 282,582. There is no novelty in these claims beyond that disclosed in other allowed claims. Through axles and tensioning springs were old.

But claim 11 of application No. 266,268 should be allowed without modification; that is to say, the claim should be allowed as presented in the application and containing the limitation: "the wheels at each side being supported and connected by axles." As already observed, claims 2 and 3 of application No. 282,581 were allowed by the court below as "different inventions from that covered in Letters Patent 1,800,958." Claim 11 of No. 266,268, allowed by the court below, is a subcombination claim.

The decree is affirmed in part, and reversed in part.

Affirmed in part.

Reversed in part.